Dear Representatives Henshaw,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
 Is 18 O.S. 552.3(B) (1988), which regulates the amount of money that a professional fundraiser may receive from proceeds of a charitable solicitation, constitutional in view of Riley v. National Federation of the Blind of North Carolina, 487 U.S. ___, 108 S.Ct. 2667, 101 L.Ed.2d 669 (1988)?
¶ 1 You have asked for an analysis of 18 O.S. 552.3(B) of the Oklahoma Solicitation of Charitable Contributions Act, 18 O.S.552.1 (1988) et seq. 18 O.S. 552.3(B), which places a limitation on fundraising fees, reads as follows:
 No charitable organization, professional solicitator or professional fund raiser shall be registered by the Oklahoma Tax Commission where the professional fund raiser or professional solicitator would receive more than ten percent (10%) of the net receipts from the solicitation of contributions, nor where the charitable organization whose name is used would receive less than ninety percent (90%) of said receipts, nor when the board of directors of the charitable organization would not have full control of all funds collected.
¶ 2 You question the validity of this limitation because a similar statute in North Carolina was found unconstitutional on June 29, 1988, by the United States Supreme Court, in Riley v.National Federation of the Blind of North Carolina,
487 U.S. ___, 108 S.Ct. 2667, 101 L.Ed.2d 669 (1988). Riley is the latest in a string of decisions on charitable solicitations statutes.
¶ 3 In Riley, the North Carolina statute prohibited an "unreasonable" fundraising fee, which was defined by a three-tiered and percentage-based measurement. Charitable solicitation, the Court reasserted, is speech entitled to full protection under the free expression guarantees of theFirst Amendment to the United States Constitution, and, therefore, could not be conditioned in the manner set forth in the North Carolina statute. In so ruling, the Court relied on two previous decisions in the charitable solicitations area: Schaumburg v.Citizens for a Better Environment, 444 U.S. 620, 639,100 S.Ct. 826, 63 L.Ed.2d 73, reh. denied, 445 U.S. 972, 100 S.Ct. 1668,64 L.Ed.2d 250 (1980), and Secretary of State of Maryland v.Munson, 467 U.S. 947, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984). In Schaumburg, the Court concluded that a municipal ordinance prohibiting solicitations by charities which used less than 75% of the receipts for "charitable purposes," was unconstitutional. Four years later, in Munson, the Court struck down a Maryland statute with a 25% limitation which could be waived if it would effectively prevent the charity from raising contributions.
¶ 4 Justice Blackmun, writing for the Court in the Munson
case, reiterated that: "charitable solicitations are so intertwined with speech that they are entitled to the protections of the First Amendment." 467 U.S. at 959. As in Schaumburg, the Court recognized that the government has legitimate interests in protecting the public from "fraud, crime and undue annoyance."467 U.S. at 961. However, the Maryland statute, like the ordinance in Schaumburg, was not sufficiently tailored to those interests and was based upon a "mistaken premise that high solicitation costs are an accurate measure of fraud."467 U.S. at 966. The Court continued:
 Where, as here, a statute imposes a direct restriction on protected First Amendment activity, and where the defect in the statute is that the means chosen to accomplish the State's objectives are too imprecise, so that in all its applications the statute creates an unnecessary risk of chilling free speech, the statute is properly subject to facial attack.
467 U.S. at 966, 967.
¶ 5 Considering the Court's pronouncements in Riley, Munson,
and Schaumburg, it is clear that 18 O.S. 552.3(B) of the Oklahoma Solicitation of Charitable Contributions Act is unconstitutional. The ten percent fee limitation in 18 O.S.552.3(B) cannot be distinguished so as to save it from constitutional attack.
¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that 552.3(B) of the Oklahoma Solicitation of CharitableContributions Act, 18 O.S. 552.2 (1988) et seq., isunconstitutional in view of Riley v. National Federation of theBlind of North Carolina, 487 U.S. ___, 108 S.Ct. 2667,101 L.Ed.2d 669 (1988).
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JANE WHEELER ASSISTANT ATTORNEY GENERAL